UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**00-74344**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| v. | ) JOHN CORBETT O'MEARA |
| | ) HONORABLE |
| FORD MOTOR COMPANY and VISTEON CORPORATION, | ) |
| | ) MAGISTRATE JUDGE SCHEER |
| Defendants. | ) COMPLAINT |
| | ) |
| | ) JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Parties Karen Martin and Linda Crider and other similarly situated individuals who were adversely affected by such practices. Defendant Ford Motor Company ("Ford") failed to hire Karen Martin because of her disability (Systemic Lupus Erythematosus). Defendants Ford and Visteon Corporation ("Visteon") also made illegal medical inquiries of job applicants, including Linda Crider and Karen Martin, by asking whether they had a disability on a questionnaire attached to the employment applications. Defendants Ford and Visteon also subjected Crider and other job applicants to pre-employment medical examinations prior to extending them an offer of employment, which is prohibited under the ADA. Defendants

then refused to hire Martin and others based on the results obtained from the unlawful medical examinations.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.   This action is authorized and instituted pursuant to §107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference §§706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1 and (3), and pursuant to §102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. §1981a.

2.   The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3.   Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of the ADA and is expressly authorized to bring this action by §107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference §§ 706(f)(1)and (3) of Title VII, 42 U.S.C. §§2000e-5(f)(1)and (3).

4.   At all relevant times, Defendant Ford has been doing business in the State of Michigan, Cities of Sterling Heights and Plymouth, and has continuously had and does now have at least

2

fifteen (15) employees.

5.   At all relevant times, Defendant Visteon has been doing business in the State of Michigan, Cities of Sterling Heights and Plymouth, and has continuously had and does now have at least fifteen (15) employees.

6.   At all relevant times up to the period of June 30, 2000, Ford was the parent company of its subsidiary, Visteon.

7.   At all relevant times up to the period of June 30, 2000, Ford operated and conducted business at its Sheldon Road Plant, in Plymouth, MI under the name and/or using the name "Visteon."

8.   On or about June 30, 2000, Ford spun-off Visteon, making Visteon an independent corporate entity.

9.   On or about June 30, 2000, Ford's Sheldon Road Plant in Plymouth, MI and its Sterling Heights plant in Sterling Heights, MI, began being operated by independent corporation Visteon wherein Visteon continued the business of producing automotive systems and components similar to those previously manufactured at the facilities when owned by Ford.

10.   Despite the corporate spin-off of Visteon, all employees at Visteon at the time of the spin-off on or about June 30, 2000, remain Ford employees.

11.   To date, the majority of Ford salaried and non-salaried employees working at the two Visteon plants, referenced in Par. 9, above, prior to the corporate spin-off, remain employed at the two

3

Visteon plants.

12.  At all relevant times, Defendant, Ford Motor Company, has continuously been engaged in an industry affecting commerce within the meaning of §101(5) of the ADA, 42 U.S.C. §12111(5), and §107(7) of the ADA, 42 U.S.C. §12117(7), which incorporates by reference §§701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

13.   At all relevant times, Defendant, Visteon, has continuously been engaged in an industry affecting commerce within the meaning of §101(5) of the ADA, 42 U.S.C. §12111(5), and §107(7) of the ADA, 42 U.S.C. §12117(7), which incorporates by reference §§701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

14.  Visteon is both an employer and "successor employer" for purposes of this action and both it and Ford are liable for any discriminatory conduct which occurred at the Sheldon Road and Sterling Heights plants referenced in Par. 9, above, both prior and subsequent to the corporate spin-off on or about June 30, 2000.

## STATEMENT OF CLAIMS

15.  More than thirty (30) days prior to the institution of this lawsuit, Karen Martin (Halucha) and Linda Crider each filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Ford Motor Company.  All conditions precedent to the institution of this lawsuit have been fulfilled.

16.   Ford had notice of the Charge of Discrimination filed by Karen Martin and both Ford and Visteon had notice of the Charge

4

of Discrimination filed by Linda Crider.

17. Since at least April 1995, Defendants Ford and Visteon have engaged in unlawful employment practices at its facilities, including, but not limited to, its Sterling Heights, Michigan Plant and Sheldon Road Plant in Plymouth, Michigan, in violation of §102(d)(2)(A) of Title I of the ADA, 42 U.S.C. §12112(d)(2)(A). These unlawful practices include the following:

    a.   Requesting, pre-offer, that job applicants, including Charging Party Linda Crider, disclose their "handicapped" status in connection with their application for employment on a questionnaire attached to the employment application which fails to comply with the ADA;

    b.   Administering pre-offer physical/medical examinations to job applicants including Charging Party, Linda Crider, and other similarly-situated individuals which constituted illegal medical examinations under the ADA, and;

    c.   Refusing to hire Charging Party Linda Crider, and other similarly-situated individuals due to information gathered and/or obtained during the illegal pre-employment medical inquiries and examinations referred to in Paragraphs 8(a) and (b), above.

18. Since at least April 1995, Defendants Ford has engaged in unlawful employment practices at its Sterling Heights, MI

5

facility, in violation of §102(a) of Title I of the ADA, 42 U.S.C. §12112(a), when it failed to hire Charging Party Karen Martin because of her disability. Specifically, Ford revoked an employment offer made to Martin for a production position after learning about Martin's medical conditions during a post-offer medical examination. Such decision was made despite the fact that Martin was a qualified individual with a disability, as defined by the ADA, and could have performed the essential functions of the job with or without reasonable accommodation and without posing a direct threat.

19. The effect of the practices complained of in Paragraphs 17 and 18, above, has been to deprive Karen Martin, Linda Crider and others of equal employment opportunities and otherwise adversely affect their status as applicants for employment.

20. The unlawful employment practices stated in Paragraphs 17 and 18, above, were and are intentional and were committed with malice or with reckless indifference to the federally protected rights of Martin, Crider, and other job applicants, including those with disabilities, as defined under the ADA.

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. GRANT a permanent injunction enjoining Defendant Ford Motor Company and Visteon Corp. its officers, successors, assigns

6

and all persons in active concert or participation with it or any of its subsidiaries, from engaging in any employment practice which discriminates because of disability

B.    ORDER Ford Motor Company and Visteon, Corp. to institute and carry out policies, practices and programs which provide equal employment opportunities to qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. ORDER Ford Motor Company and Visteon, Corp.  to cease making unlawful pre-offer medical inquiries at the application stage of the employment process, by either ceasing use of its supplemental data form, or, in the alternative, ensuring it complies with the ADA.

D. ORDER Ford Motor Company and Visteon, Corp. to stop conducting medical/physical examinations of job applicants until after it has extended an offer of employment.

E. ORDER Ford Motor Company and Visteon, Corp. to make whole Martin, ~~Grider~~ and other similarly situated individuals adversely affected by Defendant's unlawful conduct by hiring them into entry-level production positions retroactive to the date they were denied hire by Ford and/or Visteon, and by providing them with appropriate lost earnings and benefits, with pre-judgment interest, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F.   ORDER Ford Motor Company and Visteon, Corp. to pay punitive damages in an appropriate amount for committing various pre-employment medical inquiries and examinations made impermissible under the ADA and for its malicious and/or reckless conduct described in Paragraphs 17 and 18, above, in an amount to be proven at trial.

G.   GRANT such further relief as the Court deems necessary and proper in the public interest.

H.   AWARD the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

C. Gregory Stewart
General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
OFFICE OF GENERAL COUNSEL
1801 "L" Street, N.W.
Washington, D.C.   20507

___9/28/00___
DATE

___Adele Rapport___
ADELE RAPPORT
Regional Attorney

STANLEY H. PITTS (P33519)
Supervisory Trial Attorney

8

TRINA R. FLIPPEN (P59458)
Trial Attorney

DETROIT DISTRICT OFFICE
Patrick V. McNamara Bldg.
477 Michigan Avenue, Rm.865
Detroit, Michigan  48226
Telephone:  313-226-6701

9